IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DEBOY, et al., | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LINCOLN UNIVERSITY OF THE | : | NO.  05-CV-06755 |
| COMMONWEALTH SYSTEM OF HIGHER | : | |
| EDUCATION, | : | |
|     Defendant. | : | |

MEMORANDUM

LEGROME D. DAVIS, J.                                                                                                                         June 19, 2006

Presently before this Court is Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. No. 5), Plaintiffs' Response thereto (Doc. No. 9), and Defendant's Reply (Doc. No. 12).  For the reasons set forth below, Defendant's Motion is granted.

I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

During all times relevant hereto, plaintiffs, Dr. Amdulalim Shabazz, Dr. Jeffrey Hoogeveen and Dr. Robert Millette, were employed as faculty members at Lincoln University of the Commonwealth System of Higher Education ("Lincoln").[1]  Am. Compl. ¶¶ 7-9.[2]  Defendant

---

[1] Plaintiffs bring this action on behalf of a class defined as "[a]ll individuals employed by Lincoln who participated in a work stoppage at Lincoln in November and December, 2003 and who thereafter had deducted from their wages without authorization health insurance premiums that would otherwise have been paid by Lincoln." Am. Compl. ¶ 11.

[2] On June 1, 2006, plaintiffs filed a motion for leave to amend their complaint, which was granted.  As a result of the amendments to the Complaint, a named plaintiff was dropped, the term "regular part-time" was deleted from paragraphs 13 and 23, and the term "AAUP" was changed to "LUC-AAUP." Since these changes do not affect the analysis in Defendant's Motion

Lincoln is a state-related institution of higher education. Id. ¶ 10.

For purposes of collective bargaining, plaintiffs are represented by the Lincoln University Chapter of the American Association of University Professors ("LUC-AAUP"). Id. ¶ 23. Under the terms of the collective bargaining agreement between LUC-AAUP and Lincoln, Lincoln is required to provide group health insurance for all members of the bargaining unit and to pay a designated amount of the monthly premium. Id. ¶ 24; see also Def's Memo., Ex. A § 16.2.

On November 7, 2003, LUC-AAUP commenced a work stoppage (strike) against Lincoln in which plaintiffs participated. Am. Compl. ¶ 25. As a result of the work stoppage, plaintiffs did not provide services to Lincoln on November 7, 10, 18-21, 24-26 and December 1-2, 2003. Id ¶ 26. Lincoln did not make any contributions to plaintiffs' health insurance premiums for November or December, but rather withheld its contributions from the wages paid to plaintiffs during November and December without authorization or approval from plaintiffs. Id. ¶ 27.

On December 28, 2005, plaintiffs commenced this action against Lincoln, alleging that Lincoln violated the Comprehensive Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. §§ 1161-1169, and the Pennsylvania Wage Payment and Collection Law ("WCPL"), 43 P.S. §§ 260.1-260.45, when it gave plaintiffs' earned wages to the group health insurance carrier without plaintiffs' consent. See Pl's Opp. at 16. On March 1, 2006, defendant filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant argues, inter alia, that plaintiffs' claims are barred by a binding settlement agreement between LUC-AAUP, plaintiffs' exclusive bargaining representative, and Lincoln.

---

to Dismiss, Plaintiffs' Opposition or Defendant's Reply, this Court will not require the parties to refile their motions to reflect the changes.

II.     LEGAL STANDARD

Under Rule 12(b)(6), dismissal for failure to state a claim is appropriate when it is clear that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Robb v. City of Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), all facts alleged in the complaint must be accepted as true. Malia v. General Electric Co., 23 F.3d 828, 830 (3d Cir. 1994).  A claim may be dismissed when the facts alleged and the reasonable inferences therefrom are legally insufficient to support the relief sought. Pennsylvania ex rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 179-80 (3d Cir. 1988).

As a general matter, matters extraneous to the pleadings may not be considered. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997).  However, a document "integral to or explicitly relied upon in the complaint" may be considered without converting the motion to dismiss into one for summary judgment. Id. (quoting Shaw v. Digital Equipment Corp., 82 F.3d 1194, 1220 (3d Cir. 1996)); see also In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir. 1999).  "A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  The Third Circuit notes that the rationale behind these exceptions is that the primary problem raised by looking to documents outside the complaint–lack of notice to the plaintiff–is dissipated where the plaintiff has actual notice and has relied upon these documents in framing the complaint. In re Rockefeller Center, 184 F.3d at 287.

III.     DISCUSSION

A.      Material Appended to Defendant Lincoln's Motion to Dismiss[3]

This Court must determine whether Exhibits A and D may be considered without converting the instant motion to dismiss into a summary judgment motion.[4]  Exhibit A contains portions of the collective bargaining agreement between Lincoln and LUC-AAUP.  See id., Ex. A.  Since plaintiffs have not disputed the authenticity of the collective bargaining agreement and they explicitly relied upon it in the complaint, it may be considered.  See Compl. ¶¶ 24, 35; see also In re Burlington, 114 F.3d at 1426.

Exhibit D contains a January 2005 settlement agreement between Lincoln and LUC-AAUP, which settles five grievances, three charges of unfair practices and a lawsuit, all arising from the work stoppage in November and December 2003.  See Def's Mot., Ex. D.  The grievances are based on underlying facts similar or identical to those in the instant matter; one of the grievances addressed in the settlement agreement was filed on behalf of Plaintiff Hoogeveen, and another grievance, which addressed Lincoln's alleged failure to provide fringe benefits, was filed on behalf of selected faculty members.  Id. ¶¶ 1.1, 1.2.  Given that plaintiffs' grievances were the subject of the settlement agreement, the primary problem raised by considering documents outside the complaint–lack of notice to the plaintiff–is not an issue.  See In re

---

[3] Plaintiffs argue that this Court should "rely[] solely on the facts alleged in the Complaint." See Pl's Opp. at 3-4. However, plaintiffs do not specifically object to the consideration of defendant's exhibits. See id. 3-4, 10-16.  Plaintiffs have not disputed the authenticity of any of the documents contained in defendant's exhibits. See id.

[4] Exhibits E, F, G, H and I contain unpublished district court decisions.  Exhibit B, which contains grievance petitions filed by LUC-AAUP, and Exhibit C, which contains a charge of unfair practice filed by LUC-AAUP, are not necessary to the adjudication of defendant's motion.  As a result, this Court need not determine whether Exhibits B and C can be considered.

Rockefeller Center, 184 F.3d at 287.  Since the settlement agreement is integral to the complaint, plaintiffs clearly had notice of the settlement agreement, and plaintiffs do not dispute the authenticity of the agreement, it may be considered.  See In re Burlington, 114 F.3d at 1426; Bostic v. AT&T, 166 F. Supp. 2d 350, 355 (D.V.I. 2001) (finding that there are fairness and judicial economy considerations in permitting a district court to consider integral papers omitted from the plaintiff's pleadings).

B.      Settlement Agreement

Defendant, relying on Bolden v. Southeastern Pa. Transportation Authority, 953 F.2d 807 (3d Cir. 1991), argues that plaintiffs' claims are barred by a binding settlement agreement between plaintiffs' exclusive bargaining representative, LUC-AAUP, and Lincoln.  See Def's Memo. at 6-8; Def's Reply at 2-3.  This Court agrees.

In Bolden, after the plaintiff was discharged for testing positive to marijuana, the union initiated grievance proceedings on his behalf.  953 F.2d at 811.  Prior to arbitration, SEPTA and the union reached a settlement regarding Bolden's discharge.  Id.  Under the terms of the agreement, Bolden was authorized to return to work if he submitted to a drug test before returning to work and remained subject to testing for a period thereafter.  Id.  Bolden refused to return to work under those terms and, instead, filed a § 1983 action, alleging violations of his Fourth and Fourteenth Amendment rights.  Id.  In an en banc decision, the Third Circuit held that when the union, as Bolden's exclusive bargaining agent, pursued grievance procedures and ultimately entered into a settlement with SEPTA which mandated drug testing for Bolden, "[u]nless the union breached its duty of fair representation, th[e] settlement had the same effect under labor law and under the Fourth Amendment as if Bolden himself consented to such future

5

drug testing." Id. at 829; see also Dykes v. SEPTA, 68 F.3d 1564, 1569 (3d Cir. 1995) (quoting Bolden); Boysza v. Thompson, No. 03cv1526, 2005 U.S. Dist. LEXIS 22561, at *13-*16 (W.D. Pa. Oct. 5, 2005) ("settlements (even of Constitutional claims) arrived at through a labor union are binding, absent proof of a breach of the union's duty of fair representation"). Even though Bolden never personally ratified the settlement, he "was bound by its terms." Dykes, 68 F.3d at 1569-70 (discussing the Third Circuit's holding in Bolden).

The January 2005 settlement agreement between Lincoln and LUC-AAUP includes the following release:

> LUC-AAUP releases Lincoln University from any and all claims or demands that it may have based on or relating to the strike or picketing in the Fall 2003. This includes a release of any and all rights or claims that LUC-AAUP may have under Pennsylvania's Employee Relations Act, 43 P.S. § 110.101 et seq.; the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.; Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161, et seq.; or any other federal, state or local law or regulation regulating employment that relate, in any way, to the strike or picketing in the Fall 2003. LUC-AAUP also releases Lincoln University for any claim of breach of contract or any other claim arising under common law that relates, in any way, to the strike or picketing in the Fall 2003. This release covers claims that LUC-AAUP knows, or may not know, about through the date of this Agreement.[5]

Def's Mot., Ex. D ¶ 4. Since plaintiffs have not alleged that the union breached its duty of fair representation, the settlement by plaintiffs' exclusive bargaining representative has the same effect under law as if plaintiffs themselves consented to the provisions. See Bolden, 953 F.2d at 825-29. Plaintiffs are bound by this release. Therefore, plaintiffs have released Lincoln from all rights or claims they may have under COBRA and/or the WCPL. As a result, plaintiffs'

---

[5] Under the settlement agreement, Lincoln agreed to release "LUC-AAUP from any and all claims or demands that it may have based on or relating to the strike or picketing in the Fall 2003," including any claims that "Lincoln University knows, or may not know, about through the date of this Agreement." See Def's Mot., Ex. D ¶ 5.

complaint must be dismissed.

Plaintiffs did not address the Third Circuit's holding in Bolden. See Pls' Opp.; see also Def's Reply at 2-3.  Rather, plaintiffs argued that the existence of a collective bargaining agreement between Lincoln and LUC-AAUP, which does not contain an express and clear waiver of the rights of employees to bring a lawsuit, does not bar plaintiffs from proceeding with this litigation since plaintiffs are seeking to vindicate individual employment rights guaranteed by statute. Pls' Opp. at 10-16 (citing, inter alia, Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 718 (1981); Alexander v. Gardner-Denver, 415 U.S. 36 (1974)).  However, the instant issue is whether plaintiffs' action is precluded by a settlement agreement, the issue in Bolden and Dykes, not by a collective bargaining agreement, the issue in Barrentine and Gardner-Denver.

IV.   CONCLUSION

Accordingly, defendant's motion to dismiss is granted.  An appropriate order follows.